UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marisa Gage,<br><br>  Plaintiff,<br><br>v.<br><br>Unemployment Security Dep't,<br><br>  Defendant. | Case No. 2:24-cv-02008-RFB-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Under 28 U.S.C. § 1915 Plaintiff is representing herself in this action and has filed a renewed application to proceed without paying the filing fee (known as an application to proceed *in forma pauperis*). (ECF No. 5). Plaintiff also submitted a complaint with her initial application to proceed *in forma pauperis*. (ECF No. 1-1). Because the Court finds that Plaintiff's application to proceed *in forma pauperis* is complete, it grants the application to proceed *in forma pauperis* and screens her complaint. However, because the Court finds that Plaintiff attempts to sue an immune defendant, it recommends dismissing her complaint without leave to amend.

**I.  *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.  Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

Plaintiff sues the Unemployment Security Department, alleging claims related to the State of Nevada requesting that she pay backpay. (ECF No. 1-1). The Court liberally construes Plaintiff's complaint as bringing claims against the Nevada Department of Employment, Training & Rehabilitation ("DETR"). Plaintiff alleges that the Court has federal question jurisdiction over her claims but does not identify a federal statute, treaty, or portion of the Constitution under which her claims arise. (*Id.* at 3). Plaintiff alleges that the State of Nevada is asking her to pay unemployment insurance backpay, and that she does not agree with their request. (*Id.* at 4).

The Court recommends dismissing Plaintiff's complaint without leave to amend because amendment would be futile. DETR is an agency of the State of Nevada. However, the Eleventh Amendment bars citizens from suing a state or its agencies unless the state has waived such immunity or Congress has abrogated such immunity by statute. U.S. Const. amend. XI; *see also Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. Nev. Rev. Stat. 41.031(3). So, Plaintiff's claims against DETR fail as a matter of law.

Even if Plaintiff's claims were not barred by the Eleventh Amendment, the Nevada Revised Statutes provide that a person seeking unemployment benefits must first exhaust his or her administrative remedies before filing a lawsuit. Nev. Rev. Stat. 612.525(1). A failure to comply with these statutory requirements constitutes grounds for dismissal. *Walker v. Nev., Dep't of Emp. and Sec.*, No. 2:09-cv-2036-GMN-GWF, 2011 WL 167545, at *1 (D. Nev. Jan. 19, 2011). However, Plaintiff provides no documentation demonstrating that she has timely appealed

DETR's alleged decision to request backpay.[1]  Additionally, if Plaintiff has timely appealed DETR's decision, her request for a review of that appeal should be brought before the District Court for the State of Nevada in the County in which the work was performed, rather than the United States District Court.  Nev. Rev. Stat. 612.530; *Ullauri-Moron v. Nev. Dep't of Emp., Training, and Rehabilitation*, Case No. 2:12-cv-01569-JCM-CWH, 2012 WL 4891722, at *2 (D. Nev. Sept. 6, 2012).  So, the Court recommends dismissing Plaintiff's complaint without leave to amend.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

## REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the complaint (ECF No. 1-1) be **dismissed without leave to amend.**

---

[1] In a letter, which is not a proper filing under Local Rule IA 7-1(b), Plaintiff asserts that she has "appealed 2 times." (ECF No. 4).  But not only is Plaintiff's letter not part of her complaint, it does not attach any evidence of her appeals.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 3, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE